Zachary P. Takos, Esq., Nevada Bar No. 11293
Steven R. Hart, Esq., Nevada Bar No. 15418
**TAKOS LAW GROUP, LTD.**
10785 West Twain Avenue, Suite 226
Las Vegas, Nevada 89135
Telephone: 702.658.1900
Facsimile: 702.924.4422
Email: zach@takoslaw.com
steven@takoslaw.com

*Counsel for Plaintiff Byrd Underground, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BYRD UNDERGROUND, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Byrd Underground, LLC, by and through its counsel of record, Takos Law Group, Ltd., hereby complains and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Byrd Underground, LLC ("Byrd") is, and at all relevant times was, a limited liability company duly organized under the laws of the state of Nevada.

2. Upon information and belief, Defendant Automatic Data Processing, Inc. ("ADP"), is a corporation duly organized under the laws of the state of Delaware, with its principal place of business in Roseland, New Jersey.

3. The United States District Court for the District of Nevada has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332, as there exists complete diversity

1

of citizenship between Byrd and ADP, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. The acts and events at issue in this complaint involve and relate to conduct and controversies that occurred in Clark County, Nevada. ADP participated in, and/or continues to participate in, the activities that are at issue in this matter, which activities occurred in Clark County, Nevada. Additionally, Byrd is a limited liability company duly organized under the laws of the state of Nevada and ADP regularly conducts business in Clark County, Nevada. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

5. Byrd is a Las Vegas-based contractor specializing in utility installations including water, sewer, storm drain, power, telephone, cable television, street lighting, caliche removal, and boring.

6. ADP is a provider of human resources management software and services including payroll, human resources, and tax services.

7. Byrd has never been a client of ADP, nor does Byrd have any direct or indirect relationship, contractual or otherwise, with ADP.

8. Despite having no relationship whatsoever with Byrd, and without Byrd's consent, beginning in 2020, ADP used Byrd's Employer Identification Number ("EIN") to file tax returns and deposit funds on Byrd's behalf with the Internal Revenue Service.

9. ADP filed the tax returns and deposited the funds on Byrd's behalf for all four quarters of 2020 and the first quarter of 2021.

10. ADP was notified of its erroneous filings and deposits on or about September 17, 2020.

11. Despite being notified of its errors, ADP filed some of the tax returns and deposited some of the funds even after September 2020.

12. As a result of ADP's unauthorized filings and deposits, the IRS misapplied funds to Byrd's previous, unrelated tax liabilities, while not crediting Byrd for payments made toward its current liabilities.

13. Upon learning of the erroneous filings and deposits, Byrd contacted ADP to bring resolution to the matter, but to no avail.

14. As a direct and proximate result of its actions, ADP has jeopardized Byrd's structured payment plan/installation agreement with the IRS, and other capitalization, funding, and loan opportunities.

15. Furthermore, as a direct and proximate result of its actions, ADP has caused Byrd to be at risk for liens, levees, and other actions by the U.S. Treasury, which could negatively impact Byrd's business activities.

## FIRST CAUSE OF ACTION

### (Negligence)

16. Byrd repeats and re-alleges each and every allegation contained in the preceding paragraphs of this complaint as though fully set forth herein.

17. ADP is a well-established, sophisticated human resources management company founded in 1949.

18. ADP has been providing payroll and tax services for over 70 years.

19. ADP owes its clients and others, including Byrd, a duty to use its skill, prudence, care, competency, and diligence to process payroll and file taxes appropriately, including *not* filing taxes and *not* depositing funds with the IRS on behalf of complete strangers such as Byrd.

20. ADP breached this duty by, among other things, filing tax returns and depositing funds with the IRS for all four quarters of 2020 and the first quarter of 2021 on behalf of Byrd—a company with whom ADP has no relationship, contractual or otherwise.

21. As a direct and proximate cause of ADP's actions, Byrd has suffered financial losses.

22. Furthermore, as a direct and proximate result of ADP'S actions, Byrd's structured payment plan/installation agreement with the IRS, and other capitalization, funding, and loan opportunities, are in jeopardy, and Byrd is at risk for liens, levees, and other actions by the U.S. Treasury, all of which could negatively impact Byrd's business activities.

23. ADP's actions have caused Byrd to suffer damages in an amount to be determined at trial, but in any event, greater than $75,000.00.

24. Byrd has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Gross Negligence)

25. Byrd repeats and re-alleges each and every allegation contained in the preceding paragraphs of this complaint as though fully set forth herein.

26. ADP owes its clients and others, including Byrd, a duty to use its skill, prudence, care, competency, and diligence to process payroll and file taxes appropriately, including *not* filing taxes and *not* depositing funds with the IRS on behalf of complete strangers such as Byrd.

27. ADP breached this duty by, among other things, filing tax returns and depositing funds with the IRS for all four quarters of 2020 and the first quarter of 2021 on behalf of Byrd—a company with whom ADP has no relationship, contractual or otherwise.

28. On or about September 17, 2020, ADP was notified that it was erroneously filing tax returns and depositing funds with the IRS on behalf of Byrd, and that Byrd was aggrieved by ADP's actions.

29. Instead of ensuring that it would not file further tax returns and deposit further funds, ADP continued to fail to exercise due care and continued to file tax return and deposit funds with the IRS on behalf of Byrd.

30. As a direct and proximate cause of ADP's actions, Byrd has suffered financial losses.

31. Furthermore, as a direct and proximate result of ADP'S actions, Byrd's structured payment plan/installation agreement with the IRS, and other capitalization, funding, and loan opportunities, are in jeopardy, and Byrd is at risk for liens, levees, and other actions by the U.S. Treasury, all of which could negatively impact Byrd's business activities.

32. ADP's actions have caused Byrd to suffer damages in an amount to be determined at trial, but in any event, greater than $75,000.00.

33. ADP's conduct was intentional and done willfully and maliciously, and with conscious disregard for the rights of Byrd, justifying an award of exemplary and punitive damages.

34. Byrd has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (Deceptive Trade Practices—NRS 598.0915(3) and 598.092(8))

35. Byrd repeats and re-alleges each and every allegation contained in the preceding paragraphs of this complaint as though fully set forth herein.

36. ADP is a provider of human resources management software and services including payroll, human resources, and tax services.

37. Byrd has never been a client of ADP, nor does Byrd have any direct or indirect relationship, contractual or otherwise, with ADP.

38. Despite having no relationship whatsoever with Byrd, and without Byrd's consent, beginning in 2020, ADP used Byrd's Employer Identification Number ("EIN") to file tax returns and deposit funds on Byrd's behalf with the Internal Revenue Service.

39. ADP filed the tax returns and deposited the funds on Byrd's behalf for all four quarters of 2020 and the first quarter of 2021.

40. ADP was notified of its erroneous filings and deposits on or about September 17, 2020.

41. Despite being notified of its errors, ADP filed some of the tax returns and deposited some of the funds even after September 2020.

42. As a result of filing unauthorized tax returns and making unauthorized deposits with the IRS on behalf of Byrd after it was notified of these unauthorized actions, ADP knowingly made false representations to the IRS as to ADP's affiliation, connection, and association with Byrd, in violation of NRS 598.0915(3).

43. Further, as a result of filing unauthorized tax returns and making unauthorized deposits with the IRS on behalf of Byrd after it was notified of these unauthorized actions, ADP knowingly misrepresented Byrd's legal rights, obligations, or remedies with the IRS—a party with whom Byrd has a relationship given its status as a taxpayer—in violation of NRS 598.092(8).

44. As a direct and proximate cause of ADP's actions, Byrd has suffered financial losses.

45. Furthermore, as a direct and proximate result of ADP'S actions, Byrd's structured payment plan/installation agreement with the IRS, and other capitalization, funding, and loan opportunities,

are in jeopardy, and Byrd is at risk for liens, levees, and other actions by the U.S. Treasury, all of which could negatively impact Byrd's business activities.

46. ADP's actions have caused Byrd to suffer damages in an amount to be determined at trial, but in any event, greater than $75,000.00.

47. ADP's conduct was intentional and done willfully and maliciously, and with conscious disregard for the rights of Byrd, justifying an award of exemplary and punitive damages.

48. Byrd has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

WHEREFORE, Byrd prays for judgment against ADP as follows:

1. Judgment in an amount to be determined at trial, but in excess of $75,000.00;

2. Pre and post judgment interest;

3. Attorneys' fees and costs of suit;

4. Punitive damages; and

5. Any further relief the Court may deem just and proper.

DATED this 16th day of August, 2022.

**TAKOS LAW GROUP, LTD.**

/s/ Zachary P. Takos
Zachary P. Takos, Esq., Nevada Bar No. 11293
Steven R. Hart, Esq., Nevada Bar No. 15418
10785 West Twain Avenue, Suite 226
Las Vegas, Nevada 89135

*Counsel for Byrd Underground, LLC*