LILITH V. XARA, ESQ.
Nevada Bar No. 13138
AKERMAN, LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email:          lilith.xara@akerman.com

*Counsel for Defendant/Third-Party Plaintiff/Counter-Defendant ADP, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BYRD UNDERGROUND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC.,<br><br>Defendant/Third-Party Plaintiff/Counter-Defendant,<br><br>v.<br><br>BYRD INSURANCE, INC.<br><br>Third-Party Defendant/Counter-Claimant. | Case No.:  2:22-cv-01329-CDS-NJK<br><br>**RENEWED JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES**<br><br>**(Second Request –<br>First Request Denied Without Prejudice)** |

Pursuant Local Rules IA 6-1 and 26-3, and for good cause, Plaintiff Byrd Underground, LLC ("Byrd Underground"), Defendant/Third-Party Plaintiff/Counter-Defendant ADP, Inc. ("ADP"),[1] and Third-Party Defendant/Counter-Claimant Byrd Insurance, Inc. ("Byrd Insurance") jointly and respectfully request an extension of the following scheduling order deadlines in this case (*see* ECF No. 23), following Byrd Insurance's recent May 16, 2023 appearance in the case as a new party and filing of Counterclaims against ADP (*see* ECF No. 39):

---

[1] ADP states that it is incorrectly identified in the case caption as Automatic Data Processing, Inc.

1

| Deadline Description | Current Deadline | Proposed Deadline |
|---|---|---|
| Byrd Insurance's Rule 26(a)(1) initial disclosures | N/A | May 30, 2023 |
| Initial expert disclosures, as to issues on which a party bears the burden of proof | May 29, 2023 | September 13, 2023 |
| Rebuttal expert disclosures, as to issues on which a party does not bear the burden of proof | June 26, 2023 | October 13, 2023 |
| Discovery cutoff | July 26, 2023 | November 12, 2023 |
| Dispositive motions | August 25, 2023 | December 12, 2023 |
| Joint proposed pretrial order | September 25, 2023, or 30 days after resolution of dispositive motions | January 11, 2024, or 30 days after resolution of dispositive motions |

In support of this joint motion, Byrd Underground, ADP, and Byrd Insurance state as follows:

**BACKGROUND**

1. On August 16, 2022, Byrd Underground commenced this lawsuit by filing its Complaint against ADP. *See* ECF No. 1.

2. On November 2, 2022, ADP first appeared in this matter, by filing a Rule 12(b)(6) Motion to Dismiss, which seeks to dismiss the Complaint in its entirety, and which is still pending before the Court. *See* ECF No. 11.

3. In light of ADP's pending Motion to Dismiss (*see id.*), ADP has not yet answered Byrd Underground's Complaint.

4. On December 28, 2023, the Court entered a scheduling order in this case, including discovery deadlines, even though ADP's Motion to Dismiss is still pending. *See* ECF No. 23.

5. The scheduling order included an April 27, 2023 deadline to amend the pleadings and/or add parties.

2

6. In accordance with the Court's scheduling order (*see id.*), on April 20, 2023, ADP timely filed a Third-Party Complaint against a new party, Byrd Insurance. *See* ECF No. 34.

7. On April 21, 2023, the Clerk of the Court issued the Summons to new party Byrd Insurance. *See* ECF No. 35.

8. On April 25, 2023, new party Byrd Insurance was served with the Summons and Third-Party Complaint. *See* ECF No. 36. Byrd Insurance had 21 thereafter, until May 16, 2023, to answer or otherwise respond to ADP's Third-Party Complaint. *See id.*; *see also* ECF No. 35. Byrd Insurance's May 16 deadline fell less than two weeks before the current May 29, 2023 deadline for initial expert disclosures, and only two months before the current July 26, 2023 discovery cut-off date. *See* ECF No. 23.

9. Given this posture, on May 2, 2023, Byrd Underground and ADP filed a joint motion to extend the scheduling order deadlines, which is incorporated herein by reference. *See* ECF No. 37.

10. On May 3, 2023, the Court denied Byrd Underground and ADP's joint motion to extend the scheduling order deadlines "without prejudice so that the parties can confer with Byrd Insurance after its appearance" in the case. ECF No. 38.

11. On May 16, 2023, Byrd Insurance first appeared in the case, by filing its Answer to ADP's Third-Party Complaint and Counterclaims against ADP. *See* ECF No. 39.

12. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(B), ADP now has until June 6, 2023 to respond to Byrd Insurance's Counterclaims against it.

13. In accordance with the Court's May 3 Order (ECF No. 38), on May 18, 2023, began the process of conferring with Byrd Insurance about the extension of the scheduling order in this case.

14. Accordingly, Byrd Underground, ADP, and Byrd Insurance jointly and respectfully request an extension of the scheduling order deadlines identified in the chart at the beginning of this motion. This extension will accommodate the entry of a new party in this case (Byrd Insurance) who will need to participate in the written, oral, and expert discovery process. In addition, this extension accounts for the fact that ADP's Motion to Dismiss is still pending, ADP has not yet filed an answer and affirmative defenses to Byrd Insurance's Complaint, and ADP is also not yet required to respond to Byrd Insurance's May 16 filing of Counterclaims against ADP.

3

**LOCAL RULE STATEMENTS**

15. Byrd Underground, ADP, and Byrd Insurance bring this motion in the interest of justice and not for the purpose of undue delay.

16. Pursuant to Local Rule IA 6-1, Byrd Underground, ADP, and Byrd Insurance state that this is the first motion for extension of the scheduling order deadlines brought by all three parties. Byrd Underground and ADP previously filed a motion for extension of scheduling order deadlines prior to Byrd Insurance's appearance in the case (*see* ECF No. 37), which the Court denied "without prejudice so that the parties can confer with Byrd Insurance after its appearance" (ECF No. 38).

17. Pursuant to Local Rule 26-3, Byrd Underground, ADP, and Byrd Insurance state that there is good cause for this motion because it complies with the instructions in the Court's May 3 Order (ECF No. 38) for extending the scheduling order deadlines. Byrd Underground and ADP further state that good cause should not be required to grant this motion because they previously moved to extend the scheduling order deadlines on May 2 (*see* ECF No. 37), more than 21 days before the next scheduling order deadline for initial expert disclosures on May 29, 2023. *See* ECF No. 23.

18. Pursuant to Local Rule 26-3(a), Byrd Underground and ADP state that the following discovery has been completed to date:

   a. On January 18, 2023, ADP served its Rule 26(a)(1) Initial Disclosures on Byrd Underground.

   b. On January 31, 2023, Byrd Underground served its Rule 26(a)(1) initial disclosures on ADP.

   c. On February 10, 2023, ADP served its first sets of document requests and interrogatories on Byrd Underground, to which Byrd Underground served objections and responses on March 20, 2023.

   d. On March 16, 2023, the Court granted Byrd Underground and ADP's Stipulated Protective Order. *See* ECF No. 30.

   e. On March 20, 2023, Byrd Underground served its First Supplemental Rule 26(a)(1) Disclosures on ADP.

  f. On March 29, 2023 (following the Court's cancellation of the settlement conference in this case (*see* ECF No. 33)), Byrd Underground served its first sets of document requests, interrogatories, and requests for admission on ADP, to which ADP served objections and responses on April 28, 2023.

19. Pursuant to Local Rule 26-3(b), Byrd Underground, ADP, and Byrd Insurance state that one or more of the parties anticipate that at least the following discovery remains to be completed:

  a. On April 24, 2023, ADP served its second sets of document requests and interrogatories on Byrd Underground, to which Byrd Underground's objections and responses are due on May 24, 2023.

  b. Following new party Byrd Insurance's May 16 appearance in the case, Byrd Insurance needs to provide Rule 26(a)(1) disclosures. Following ADP's review of those disclosures, ADP intends to serve document requests, interrogatories, and requests for admissions on Byrd Insurance.

  c. Byrd Insurance intends to serve its own written discovery.

  d. All parties will need the opportunity to take depositions of fact and expert witnesses. No depositions have been noticed to date.

  e. The parties will also need to make their written expert disclosures and exchange expert reports.

20. Pursuant to Local Rule 26-3(c), Byrd Underground, ADP, and Byrd Insurance reiterate that the upcoming discovery deadlines for initial expert disclosures (May 29, 2023), rebuttal expert disclosures (June 26, 2023), and the close of discovery (July 26, 2023) (*see* ECF No. 23) are not feasible in light of (i) ADP's still pending Motion to Dismiss Byrd Underground's Complaint (*see* ECF No. 11), (ii) ADP's timely addition of new party Byrd Insurance as a third-party defendant to this case on April 20, 2023, from whom no discovery has yet to be taken (*see* ECF Nos. 22, 34), (iii) the fact that ADP is not required to respond to Byrd Insurance's May 16, 2023 counterclaims against ADP until June 6, 2023 (*see* ECF No. 39), and (iv) the fact that ADP has not yet been required to answer and assert affirmative defenses to Byrd Underground's complaint asserted against it (*see* ECF Nos. 11).

21. Pursuant to Local Rule 26-3(d), Byrd Underground, ADP, and Byrd Insurance have proposed a schedule identified in the chart at the beginning of this motion for the completion of discovery and for the extension of other case management deadlines. Under this proposed schedule, discovery will close 180 days after Byrd Insurance's first appearance in this case, which was May 16, 2023, and the other deadlines have been correspondingly adjusted.

WHEREFORE, pursuant to Local Rules IA 6-1 and 26-3, and for good cause, Byrd Underground, ADP, and Byrd Insurance jointly and respectfully request an extension of the scheduling order deadlines identified in the chart at the beginning of this motion.

Jointly and respectfully submitted this 25th day of May 2023.

| Takos Law Group, Ltd. | AKERMAN, LLP |
|---|---|
| /s/ Zachary P. Takos | /s/ Brian C. Bianco |
| Zachary P. Takos, Esq., Nevada Bar No. 11293<br>Steven R. Hart, Esq., Nevada Bar No. 15418<br>10785 W. Twain Avenue, Suite 224<br>Las Vegas, Nevada 89135 | Lilith V. Xara, Esq., Nevada Bar No. 13138<br>1635 Village Center Circle, Suite 200<br>Las Vegas, Nevada 89134<br><br>Brian C. Bianco, Esq. (admitted *pro hac vice*)<br>Julia R. Lissner, Esq. (admitted *pro hac vice*)<br>Akerman LLP<br>71 S. Wacker Drive, 46th Floor<br>Chicago, Illinois 60606 |
| *Counsel for Plaintiff* | *Counsel for Defendant / Third-Party Plaintiff / Counter-Defendant* |

**MICHAEL D. RAWLINS, PLLC**

/s/ Michael D. Rawlins

Michael D. Rawlins, Nevada Bar No. 5467
3271 E. Warm Springs Rd.
Las Vegas, Nevada 89120

*Counsel for Third-Party Defendant/ Counter-Claimant*

The pendency of the motion to dismiss does not establish good cause for the extensions sought, but the circumstances otherwise justify that relief. Accordingly, the stipulation is **GRANTED** and the proposed deadlines are **ADOPTED.**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATE: May 26, 2023