UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Byrd Underground, LLC | Case No. 2:22-cv-01329-CDS-NJK |
| Plaintiff | **Order Granting in Part and Denying in Part Defendant's Motion to Dismiss** |
| v. | |
| Automatic Data Processing, *et al.*, | [ECF No. 11] |
| Defendants | |

  This tripartite affair involves plaintiff Byrd Underground, defendant ADP, Inc.,[1] and third-party defendant Byrd Insurance. Byrd Insurance contracted with ADP for payroll and human resources services. ADP alleges that it was mistakenly provided with the Federal Employer Identification Number (FEIN) for Byrd Underground, so that when ADP reported various tax returns and deposit fund on Byrd Insurance's behalf to the Internal Revenue Service, it erroneously did so under Byrd Underground's FEIN instead of Byrd Insurance's FEIN, causing tax and payment consequences for Byrd Underground. Both Byrds argue that the mistake was ADP's. While ADP alleges that Byrd Insurance and Byrd Underground are owned by a pair of brothers, the corporations are distinct entities.

  Byrd Underground now sues ADP for negligence, gross negligence, and deceptive trade practices (all stemming from ADP's alleged misuse of Byrd Underground's FEIN). ADP seeks to indemnify itself by bringing a third-party complaint against Byrd Insurance and moving to dismiss Byrd Underground's claims. And to complete the litigation triptych, Byrd Insurance brings counterclaims against ADP. Because Byrd Underground has inadequately pled its negligence claims against ADP, I grant ADP's motion to dismiss those claims without prejudice. But ADP has adequately pled its deceptive trade practices claim. Nonetheless, I grant Byrd

---

[1] The plaintiff incorrectly identified ADP as Automatic Data Processing, Inc. ECF No. 11 at 3.

Underground leave to amend its complaint—if it so chooses—to resolve the deficiencies identified herein.

## I. Legal standard

Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. And if I grant a motion to dismiss, I should grant leave to amend even if no request to amend is made unless I determine that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. Discussion

Byrd Underground brings three claims against ADP: negligence, gross negligence, and deceptive trade practices. ADP moves to dismiss each claim.

### A. *I dismiss the negligence and gross negligence claims against ADP.*

Byrd Underground fails to adequately plead that it has suffered a legally cognizable injury because it only alleges potential financial harm, which fails to support a claim of negligence under the economic loss doctrine. "The well[-]established common[-]law rule is that absent privity of contract or an injury to a person or property, a plaintiff may not recover in negligence for economic loss." *Local Joint Exec. Bd. v. Stern*, 651 P.2d 637, 638 (Nev. 1982). Byrd Underground has not identified any contract between itself and ADP (in fact, it disavows that the parties had any relationship, ECF No. 18 at 10) or injury to person or property that would

otherwise support a claim of negligence. And it claims purely financial losses. Compl., ECF No. 1 at ¶¶ 21–22.

Byrd Underground argues that the economic loss doctrine seeks to prevent the recovery of damages only in situations where a claim sounds in both contract and tort. ECF No. 18 at 6–7. But the doctrine is in fact not so constrained. "It is true that a plaintiff may not recover economic loss under theories of strict products liability or negligence. However, purely economic loss may be recovered under a breach of warranty theory." *Central Bit Supply v. Waldrop Drilling*, 717 P.2d 35, 36–37 (Nev. 1986) (citation omitted). And the Nevada Supreme Court states that the purpose of the doctrine "is to shield a defendant from unlimited liability for all the economic consequences of a negligent act, particularly in a commercial or professional setting, and thus to keep the risk of liability reasonably calculable." *Local Joint Exec Bd.*, 651 P.2d at 638. Particularly instructive is the Court's decision in *ARCO Products Co. v. May*, wherein the Court found that a convenience store's diminished sales resulting from a defective inventory control system could not be recovered under a theory of negligence due to the economic loss doctrine. 948 P.2d 263, 266 (Nev. 1997). As the Court determines, the key inquiry in determining whether the doctrine bars a negligence action is whether the damages claimed to have stemmed from the defendant's negligence are purely pecuniary in nature. *Id.*

Taking Byrd Underground's allegations as true—which I am required to do at this stage—there may be some basis to hold ADP liable. But it is not a theory of negligence, nor is it gross negligence. *See Collins v. Giovanniello & Michaels, LLP*, 2013 WL 8597707, at *2 (D. Nev. Apr. 18, 2013) ("A cause of action alleging 'gross negligence' cannot be sustained unless some negligence is first found to have occurred."). I thus grant ADP's motion to dismiss the negligence claims asserted against it.

B.  *I do not dismiss the deceptive trade practices claim against ADP.*

Byrd Underground alleges that ADP's actions constitute deceptive trade practices as defined in NRS §§ 598.0915(3), 598.092(8). ECF No. 1 at ¶¶ 35–48. Those statutes define

3

deceptive trade practices when a person "knowingly makes a false representation as to affiliation, connection, association with[,] or certification by another person" and when a person "knowingly misrepresents the legal rights, obligations[,] or remedies of a party to a transaction" respectively. NRS §§ 598.0915(3), 598.092(8).

The parties disagree as to the specificity required of Byrd Underground in pleading deceptive trade practices. ADP argues that Byrd Underground must comply with the heightened pleading requirements for claims of fraud. ECF No. 11 at 6–7. Byrd responds that, while it meets that standard, ADP goes too far in asserting what is required of it. ECF No. 18 at 8–9. As both parties agree, when a claim relies upon allegations of fraud, it must meet the enhanced pleading standards of Federal Rule of Civil Procedure 9(b). *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). And Nevada courts are in accord that claims brought under the deceptive trade practices statutes rely upon allegations of fraud and thus must meet that standard. *See, e.g.*, *Waldrop v. Green Tree Serv., LLC*, 2015 WL 5829879, at *4 (D. Nev. Oct. 5, 2015). But this standard only requires that "allegations of fraud must be specific enough to give defendants of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (cleaned up).

Byrd Underground's complaint indeed gives ADP notice of the particular misconduct that Byrd Underground alleges constitutes fraud. It specifies that ADP was the party conducting the alleged fraud, that ADP was notified of the error in September 2020 but continued to file erroneous tax returns after that date, that ADP made false representations to the IRS as to its affiliation with Byrd Underground, that the representations occurred on the tax filings, and that as a result of ADP's actions, Byrd Underground suffer tax and IRS consequences.

I decline to require Byrd Underground to plead, as ADP suggests, the specific identity of the individuals who may have committed those errors. ADP's attempt to import language from an ERISA suit against multiple defendants is unavailing here. *See Concha v. London*, 62 F.3d 1493,

1503 (9th Cir. 1995) ("Rule 9(b) . . . requires that plaintiffs specifically plead those facts surrounding alleged acts of fraud **to which they can reasonably be expected to have access**."). It is unreasonable to expect Byrd Underground to have access to the minutiae of the alleged fraud in this case; it has no way to know the identity of the specific ADP employee(s) who may have acted as alleged. ADP has clearly been provided sufficient notice to defend against the charge, as ADP has acted swiftly in bringing a third-party complaint against Byrd Insurance and describing in detail the acts that underlie this dispute. And the Federal Rules do not require an omniscient plaintiff capable of pleading fraud down to the very last detail—they simply require a party to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Byrd Underground has done so.

## III. Conclusion

For the foregoing reasons, IT IS THEREFORE ORDERED that ADP's motion to dismiss **[ECF No. 11] is GRANTED in part and DENIED in part**. Byrd Underground's claims for negligence and gross negligence against ADP are dismissed without prejudice and leave to amend. I give Byrd Underground 21 days from the date of this order to file an amended complaint.

DATED: August 9, 2023

_____
Cristina D. Silva
United States District Judge