# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BYRD UNDERGROUND, LLC,

     Plaintiff(s),

v.

AUTOMATIC DATA PROCESSING, INC.,

     Defendant(s).

Case No. 2:22-cv-01329-CDS-NJK

**Order**

[Docket No. 65]

Pending before the Court is Plaintiff's motion for a protective order to limit the scope of a non-party subpoena. Docket No. 65. Defendant filed a response in opposition. Docket No. 66.[1] Defendant also seeks an award of its expenses. *Id.* at 13-14. No reply was filed. The Court does not require a hearing. *See* Local Rule 78-1.

Plaintiff's motion is not sufficiently developed. The subpoena seeks documents from non-party USI Insurance Services, *see* Docket No. 65-1, who itself has not objected to the subpoena, *see* Docket No. 66 at 4, or filed a motion to quash. The motion acknowledges that Plaintiff lacks standing to seek to quash the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on relevance and undue burden grounds.[2] Docket No. 65 at 4 ("A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party <u>are not grounds on which a party has standing to move to quash a subpoenas</u> [sic] issued to a non-party, especially where the non-party, itself, has not objected" (emphasis added)). As a

---

[1] Pin citations herein are to the pagination provided by CMECF, not the pagination assigned by the parties.

[2] Plaintiff's motion is scattershot, arguing at various points that the subpoena is overly broad, irrelevant, unduly burdensome, and disproportionate to the needs of the case. To be clear, Plaintiff acknowledges that portions of the specific document request are relevant and properly obtained by subpoena. Plaintiff argues that the catch-all for "all" communications is overly broad in that it may sweep up some irrelevant matter.

1

result, the motion then pivots to seeking a protective order under Rule 26 on the exact same grounds. *See, e.g., id.* The overarching problem, that Plaintiff does not address, is that Rule 26 allows for the filing of a motion for protective order by "[a] party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c)(1) (emphasis added). "This provision by its plain language provides that either a party or a non-party may seek a protective order, but only when that party or non-party is the one from whom discovery is sought." *KeyBank Nat'l Assoc. v. Neumann Dermatology LLC*, 2022 WL 11861411, at *2 (D. Ariz. Jan. 3, 2022); *see also 4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, 2022 WL 2905468, at *2 (D. Nev. July 22, 2022); *International Game Tech. v. Ill. Nat'l Ins. Co.*, 2017 WL 10900253, at *2 (D. Nev. Oct. 31, 2017). The motion fails to grapple with the governing text of Rule 26.

Plaintiff instead alludes to cases allowing potential relief regarding a non-party subpoena when the party has a "personal right or privilege" in the subject information. *See Heard v. Costco Wholesale Corp.*, 2020 WL 515841, at *1 (D. Nev. Jan. 31, 2020). Even assuming that such an exception exists under the law,[3] Plaintiff has not provided any showing that it actually has a "personal right or privilege" in the subject material. Instead, the motion simply lists information that Plaintiff contends may fall within the scope of the subpoena request and sprinkles in the words "sensitive," "private," and "proprietary." *See* Docket No. 65 at 5-6. No case law is provided as to what types of information suffice to meet the "personal right or privilege" standard, nor any argument as to how a personal right or privilege is implicated here.[4] It was Plaintiff's burden of

---

[3] Some judges have rejected this "personal right or privilege" exception. *See, e.g., in re: Rhodes Cos.*, 475 B.R. 733, 740-41 (D. Nev. 2012) (Pro, J.) (declining to adopt the "personal right or privilege" standing rule); *Salem Vegas, L.P. v. Guanci*, 2013 WL 5493126, at *2-3 (D. Nev. Sept. 30, 2013) (following *Rhodes*).

[4] Some of the identified information on its face regards other persons or entities, such as clients and employees. *Id.* Plaintiff offers no explanation as to how it has a "personal right or privilege" in the potentially sensitive information of others. *Cf. Century 21 Real Estate, LLC v. All Professional Realty, Inc.*, 2012 WL 2090434, *2 (E.D. Cal. June 8, 2012) ("Neither Select nor its agents have participated in this motion. Therefore, privacy issues or claims that the subpoena requests confidential business or financial information of Select or its individual agents will not be considered here"). To be clear, however, Defendant is not seeking to broadcast confidential information to the world. Instead, Defendant notes that privacy interests in the subject information can be safeguarded through the existing stipulated protective order. *See, e.g.,* Docket No. 66 at 10 (collecting cases). Plaintiff offers no rebuttal on that issue.

establishing such a personal right or privilege,[5] a burden that is not met with conclusory statements. *See Dougherd v. Montesdeoca*, 2018 WL 3008867, at *2 (E.D. Cal. June 15, 2018) (concluding that bare assertion that the requested documents contain "confidential commercial information" did not satisfy the movant's burden of establishing a personal right or privilege in that information); *see also Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, 2019 WL 2563851, at *3 (W.D. Wash. Mar. 21, 2019).  At bottom, the Court declines to resolve the issue given the lack of meaningfully developed argument.  *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013); *see also International Game Technology*, 2017 WL 10900253, at *2 (declining to address potential standing based on a "personal right or privilege" argument that was not sufficiently developed).

Accordingly, the motion for protective order is **DENIED** without prejudice.  Any renewed motion must include robust argument on standing, including the specific issues above, as well as on the underlying subpoena dispute.  Any renewed motion must be filed by January 16, 2024.

IT IS SO ORDERED.

Dated: January 9, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Defendant does not address standing at all in its responsive brief.  *See* Docket No. 66.

3